## Emerson F. Carter vs. Isaac Thompson.

The refusal of a Judge of the Court of Common Pleas, to permit an amendment of a writ of original summons by inserting a direction to attach property, is but an exercise of discretionary power; and the Judge is under no obligations to grant such amendment.

Exceptions from the Court of Common Pleas, Whitman C. J. presiding.

*Scire facias* against the defendant as trustee of one *Chamberlain.* The plaintiff's counsel moved for leave to amend the writ of *scire facias*, by inserting a direction to attach the goods and estate of *Thompson* to the amount of four hundred dollars. *J. W. Bradbury* stated, that he appeared not only for the defendant, but for attaching creditors by whom the same property had been

Carter *v.* Thompson.

taken and sold, and opposed the motion. The exceptions state, that "this motion was overruled by the Judge, on the ground, that such amendment was not allowable." The plaintiff filed exceptions.

*Vose,* for the plaintiff, contended, that the counsel opposing the amendment was to be considered only as counsel for the defendant, as no bond had been filed by creditors to enable them to contest the suit, and was to be considered a question between the plaintiff and defendant. The writ is amendable, especially as it is a judicial writ. But the same rules do not apply to the amendment of writs, as to the returns of officers, and whether the goods have been attached or not, is immaterial. He cited, *stat.* 1830, *c.* 463; *stat.* 1831, *c.* 508; *Wood* v. *Ross,* 11 *Mass. R.* 271; *Hearsey* v. *Bradbury,* 9 *Mass. R.* 95; *stat.* 1821, *c.* 59, § 16; 6 *Bac. Abr.* 103; *Co. Lit.* 290, *b*; 2 *Ld. Raym.* 1048; 2 *Wils.* 251; 1 *T. R.* 388; *Burrell* v. *Burrell,* 10 *Mass. R.* 221; *Campbell* v. *Stiles,* 9 *Mass. R.* 217; *Young* v. *Hosmer,* 11 *Mass. R.* 89; *Close* v. *Gillespey,* 3 *Johns. R.* 526; *Sawyer* v. *Baker,* 3 *Greenl.* 29.

*J. W. Bradbury,* for the defendant, contended : —

1. The writ, as it stands, is an original summons, and the proposed amendment would change it to a writ of attachment. This the Court cannot do. He has made his election, and must abide by it.

2. The amendment would affect the rights of third persons, and *therefore it cannot* be granted.

3. To grant the amendment, or not, is a mere exercise of discretion in the Judge of the lower court, and exceptions do not lie. *Clapp* v. *Balch,* 3 *Greenl.* 216; *Wyman* v. *Dorr, ib.* 183; *Reynard* v. *Brecknell,* 4 *Pick.* 302; *Hayden* v. *Stoughton,* 5 *Pick.* 528.

4. But if this Court can determine the question, and *the right exists,* the amendment ought not to be granted, because it would interfere with the rights of others previously acquired. *Howe's Pr.* 364, 390; 9 *Pick.* 167; 8 *Mass. R.* 240; 3 *Greenl.* 260; 1 *Pick.* 156; *ib.* 204; 3 *Pick.* 445; 7 *Greenl.* 232; 13 *Maine R.* 36.

The case was continued for advisement, and the opinion of the Court was afterwards drawn up by

WESTON C. J. — The writ as originally made, followed the form provided by law, and entitled the plaintiff to judgment. *Statute* of 1821, *c.* 63, prescribing the forms of writs. The *stat.* of 1830, *c.* 463, rendered the body of the defendant liable to be taken, and his goods to be attached upon writs of *scire facias*, and it is provided that such writs may contain a direction for this purpose. This is a privilege given to the plaintiff, of which he may avail himself or not at his election. Without finding it necessary to determine whether the amendment moved for could have been properly allowed or not, we are very clearly of opinion, that the Judge was under no legal obligation to grant it; and upon this ground we overrule the exceptions.